NOT DESIGNATED FOR PUBLICATION

No. 122,131

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS R. MORRIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Opinion filed September 4, 2020. Affirmed.

*Mathew W. Mullen*, of Mulvane, for appellant.

*Mitch Spencer*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and WALKER, S.J.

PER CURIAM: Sometimes, things are too good to be true. One morning in January 2019, Nicholas Ryan Morris used the self-checkout machine at a Walmart. Rather than receive the correct change of $12.80, he received $50.80. Someone had made a mistake and loaded $20 bills into the machine where $1 bills were normally placed. Impressed with his good fortune, Morris came back to that checkout machine six more times that morning. Each time he would make a purchase and he then received more change than what he was entitled to. He told his girlfriend about this opportunity, but he never said

1

anything to any of the employees about the mistaken change. His luck ran out when the store manager later reviewed the security video footage and reported him to the police.

The jury found Morris guilty of one count of theft of property delivered by mistake under K.S.A. 2019 Supp. 21-5802(a). He appeals that conviction, arguing that there was insufficient evidence to support his conviction. Our review of the record leads us to hold that a rational fact-finder could have found Morris guilty beyond a reasonable doubt. He also makes a claim about jury unanimity, but because the court gave a specific instruction on that issue, we see no reason to reverse. Thus, we affirm.

We review questions of the sufficiency of the evidence by looking at all of the evidence in a light most favorable to the prosecution and decide whether we are convinced that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Williams*, 299 Kan. 509, Syl. ¶ 1, 324 P.3d 1078 (2014). We will not reweigh the evidence, assess the credibility of the witnesses, or resolve conflicting evidence. *State v. Llamas*, 298 Kan. 246, 254, 311 P.3d 399 (2013).

There is ample evidence in this record to support this conviction. Here is what the State had to prove. The crime occurs when a person receives another's property and the person:

(1) knows the identity of the owner;

(2) fails to take reasonable measures to return the property; and

(3) intends to permanently deprive the owner of the property. K.S.A. 2019 Supp. 21-5802(a)(1)-(3).

Here is what was presented to the jury. The State introduced receipts from Morris' transactions, security video footage, and still images showing him repeatedly using the machine. The State also presented testimony from four witnesses.

First, the Walmart manager testified about checking the transaction logs and reviewing the surveillance footage; he said Morris had received $494 extra in change from 10 transactions. Next, the State called Morris' girlfriend, who had also used the machine to receive extra change. She said that Morris had told her about the machine and asked her to use it so that employees would not become suspicious of him; she gave the extra change she received to Morris and later paid restitution to Walmart. Morris' acquaintance then testified that he had told her about the machine and she had used it to get extra change, but she also later returned the money to Walmart. Finally, a Wellington police officer who had questioned Morris testified that Morris had said that he had done nothing wrong because he had paid for the items he bought.

Morris does not explain in his brief how the evidence fails to satisfy the statutory elements of the crime. Based on that evidence, a rational fact-finder could have easily found that Morris was guilty beyond a reasonable doubt. Sufficient evidence supports his conviction, and the court did not err by denying Morris' motion for acquittal.

At the end of his brief, Morris raises an issue about jury unanimity. He notes that the State presented inconsistent evidence about the number of transactions—the State alleged 7, the Walmart manager testified that there were 10. Because of that, Morris says "A rational factfinder could not be unanimous in its decision as to which one of the seven or ten acts presented at trial were committed beyond a reasonable doubt."

It is true that jury verdicts must be unanimous. And Morris correctly argues that problems may arise when the State presents evidence of more than one act—as it did here—that could constitute the crime charged.

To avoid unanimous verdict problems in multiple acts cases, the State must either inform the jury which acts to rely on during its deliberations or the trial court must instruct the jury that it must unanimously agree on the specific criminal acts to convict.

3

See *State v. Santos-Vega*, 299 Kan. 11, 18, 321 P.3d 1 (2014). The trial court instructed the jury that it had to agree on the same acts:

> "The State claims distinct multiple acts which each could separately constitute the crime of theft of property delivered by mistake. In order for the defendant to be found guilty of theft of property delivered by mistake, you must unanimously agree upon the same underlying act."

Because the court gave this instruction and there is no sign that the jury did not follow the law, we see no reason to reverse this conviction.

Affirmed.